UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LYNN WARDLEY, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT McLACHLAN and GARY KEARL, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING SHORT FORM DISCOVERY MOTION (DOC. NO. 43)** <br><br> Case No. 2:21-cv-00128 <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Daphne A. Oberg |

Defendants Scott McLachlan and Gary Kearl seek to quash a subpoena served on nonparty Stoel Rives LLP[1] on the ground that it is untimely.[2] (*See* Short Form Disc. Mot. ("Mot."), Doc. No. 43.) Because Mr. McLachlan and Mr. Kearl lack standing to challenge the subpoena, and the court declines to take action *sua sponte*, the motion is denied.

The subpoena seeks production of:

> "all versions of the Settlement Agreement, including but not limited to, any drafts thereof, any execution copies thereof, and/or any versions thereof attached to the Restructuring Agreement," "all documents bearing the document control/identification number 'SaltLake-269810.1 0063591-00001,'" and "all documents bearing the document control/ identification number '365571.'"

(Ex. A. to Mot., Doc. No. 43.) Mr. McLachlan and Mr. Kearl argue the nonparty subpoena should be quashed because Plaintiff Lynn Wardley served the subpoena more than two months after the close of fact discovery. (Mot. 1–2, Doc. No. 43.)

---

[1] Compliance with the subpoena was stayed pending a decision on the motion. (*See* Docket Text Order, Doc. No. 45.)

[2] No hearing is necessary; the court rules based on the parties' written memoranda. *See* DUCivR 7-1(g).

1

Mr. Wardley opposes the motion, arguing: (1) Mr. McLachlan and Mr. Kearl lack standing to quash the subpoena, (2) the subpoena provides a reasonable amount of time to comply (and Mr. Wardley would agree to an extension if requested), (3) Rules 16 and 37 of the Federal Rules of Civil Procedure govern documents sought in an untimely subpoena, not Rule 45, and (4) Mr. McLachlan and Mr. Kearl cannot show prejudice. (Pl.'s Opp'n to Defs.' Short Form Disc. Mot. ("Opp'n"), Doc. No. 46.) Mr. Wardley explains the subpoena seeks a copy of a release agreement between Mr. Wardley, Mr. McLachlan, and Ken Tramp (a nonparty who was represented by Stoel Rives at the time of the agreement). (*Id.* at 2.) Mr. Wardley cannot find his copy of the agreement, but he believes it eliminates Mr. McLachlan's fourth counterclaim. (*Id.*) Mr. McLachlan produced a copy signed only by him. (*Id.*; *see also* Ex. A to Opp'n, Doc. No. 46-1.) Mr. Tramp produced a fully signed copy, but Mr. Wardley notes that Mr. McLachlan argues this copy raises a question as to pagination. (Opp'n 2, Doc. No. 46.) Accordingly, Mr. Wardley seeks a copy of the agreement from the firm that represented Mr. Tramp. (*Id.*) At the court's request, (*see* Docket Text Order, Doc. No. 47), Mr. McLachlan and Mr. Kearl filed a reply addressing standing, ("Reply," Doc. No. 48).

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure establishes standards for quashing subpoenas. The court must quash or modify a subpoena which "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specified in Rule 45(c);" "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Generally, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed." *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477, 2015 U.S. Dist. LEXIS 59349, at *5

(D. Utah May 5, 2015) (unpublished) (internal quotation marks omitted). The exception to this rule is "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Id.* (internal quotation marks omitted).

ANALYSIS

The subpoena at issue is directed to the law firm Stoel Rives, not to Mr. McLachlan or Mr. Kearl. And neither defendant asserts he has a privilege or personal right with regard to the documents requested. (*See* Reply, Doc. No. 48.) Accordingly, neither Mr. McLachlan nor Mr. Kearl has established he has standing to challenge the subpoena. *See Zoobuh, Inc.*, 2015 U.S. Dist. LEXIS 59349, at *5. Instead, relying primarily on *Galloway v. Islands Mechanical Contractor, Inc.*, No. 2008-071, 2013 U.S. Dist. LEXIS 5232 (D.V.I. Jan. 14, 2013) (unpublished), Mr. McLachlan and Mr. Kearl argue courts can quash untimely subpoenas even where the challenging party lacks standing. (*See* Reply 2, Doc. No. 48.)

The *Galloway* court noted that "[e]ven if a party does not have standing or has not asserted sufficient standing to quash a subpoena, a court still has the authority to quash the subpoena on grounds of untimeliness." 2013 U.S. Dist. LEXIS 5232, at *12. In reaching this conclusion, the court found subpoenas are subject to the same scheduling order deadlines as other discovery, and courts have the ability to enter "just orders" *sua sponte*. *Id.* at *13–14, 15–16; *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders" if a party "fails to obey a scheduling order."). But the facts of *Galloway* differ from this case. In *Galloway*, the plaintiff sought discovery fourteen months after the close of fact discovery and offered no reason for failing to seek the discovery earlier. 2013 U.S. Dist. LEXIS 5232 at *5, 17–18.

3

Mr. McLachlan and Mr. Kearl also cite a case from District of Kansas, *Peterbilt of Great Bend, LLC v. Doonan*, No. 05-1281, 2006 U.S. Dist. LEXIS 80038 (D. Kan. Nov. 1, 2006) (unpublished). (*See* Reply 2, Doc. No. 48.) In *Peterbilt*, the court quashed a subpoena even where the defendants lacked standing to challenge it, because the subpoena was issued outside the fact discovery period and the court found no reason it could not have been issued earlier. 2006 U.S. Dist. LEXIS 80038, at *5–6. Mr. McLachlan and Mr. Kearl also cite two unpublished cases from the District of Utah for the proposition that untimely subpoenas should be quashed, but neither case addresses the issue of standing. (*See* Reply 2–3, Doc. No. 48 (citing *Alfwear, Inc. v. Kulkote, LLC*, No. 2-19-cv-00027, 2020 U.S. Dist LEXIS 129573 (D. Utah July 21, 2020) (unpublished) and *Golden v. Mentor Cap., Inc.*, No. 2:15-cv-176, 2017 U.S. Dist. LEXIS 182935 (D. Utah Nov. 2, 2017) (unpublished).)

Where neither Mr. McLachlan or Mr. Kearl has established standing to challenge the subpoena, their argument amounts to a request that the court take action *sua sponte*. But they have presented no legal authority suggesting a court *must* act *sua sponte* to quash an untimely subpoena where the parties raising the issue lack standing. Nothing about the circumstances of this case require that type of approach. Unlike in *Galloway*, this subpoena was not issued on the eve of trial or more than a year after the close of fact discovery. And unlike in *Peterbilt*, it is not clear the subpoena should have or could have been issued sooner. Mr. Wardley explained the purpose of the subpoena: resolving pagination issues of a document already produced.

Mr. Wardley should have either issued the subpoena before the close of discovery or sought approval to amend the scheduling order (to extend the discovery deadline). *See Alfwear, Inc.*, 2020 U.S. Dist. LEXIS 129573, at *2 ("A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the

rules."); Fed. R. Civ. P. 6(b)(1) (requiring good cause or excusable neglect to amend deadlines); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); (*see also* Am. Scheduling Order, Doc. No. 37 (setting the last day to serve written discovery as May 6, 2022 and the close of fact discovery as June 6, 2022)). But neither Mr. McLachlan nor Mr. Kearl has shown nonparty Stoel Rives' compliance with this late-issued subpoena would prejudice or impact him in any way.[3] Where Mr. McLachlan and Mr. Kearl have not established they have standing to challenge the subpoena—and the circumstances are not so glaring as to require *sua sponte* action—Mr. McLachlan and Mr. Kearl's motion is denied.

## CONCLUSION

For the reasons stated above, Mr. McLachlan and Mr. Kearl's motion, (Doc. No. 43), is denied.

DATED this 15th day of September, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[3] Indeed, although they have not sought to amend the scheduling order, the parties appear to have agreed to informally extend the fact discovery deadline for the purpose of conducting depositions. (*See* Opp'n 2, Doc. No. 46.)