UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LYNN WARDLEY,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT MCLACHLAN and GARY KEARL,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: PRIVILEGE ISSUES (DOC. NO. 64)**<br><br>Case No. 2:21-cv-00128<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Lynn Wardley filed a motion to compel Defendants Scott McLachlan and Gary Kearl to supplement their privilege log and to produce certain withheld documents, including communications with their accountants.[1] Defendants oppose the motion, arguing it is untimely and the documents at issue are protected by the work-product doctrine.[2] The court permitted Mr. Wardley to file a reply addressing the issue of timeliness[3] and held a hearing on February 7, 2023.[4] As explained at the hearing and below, because Mr. Wardley failed to promptly raise this discovery dispute as required under the District of Utah's local rules, the motion is denied.

---

[1] (*See* Pl.'s Short Form Disc. Mot. Re: Privilege Issues ("Mot."), Doc. No. 64.)

[2] (*See* Resp. to Short Form Disc. Mot. ("Resp."), Doc. No. 68.)

[3] (*See* Reply Re: Pl.'s Short Form Disc. Mot. Re: Privilege Issues ("Reply"), Doc. No. 70.)

[4] (*See* Minute Entry, Doc. No. 72.)

## BACKGROUND

Defendants provided the privilege log at issue on January 14, 2022.[5] The log listed certain communications between Mr. Kearl and his accountants, Farrell Skidmore and Jordan Toone, describing the withheld documents as "tax correspondence" and "tax returns."[6]

Under the operative scheduling order, fact discovery closed on June 6, 2022.[7] However, without seeking court leave, the parties agreed to take certain depositions after the fact discovery deadline. Pursuant to this agreement, Mr. Wardley deposed Defendants' accountants on November 17, 2022.[8] On November 23, 2022, Mr. Wardley sent a letter to Defendants asserting the January 14, 2022 privilege log was deficient, arguing communications between Defendants and their accountants were not privileged and must be produced, and requesting to meet and confer.[9] Counsel for the parties conferred on January 4 and 18, 2023, but were unable to resolve the dispute.[10] Mr. Wardley then filed this discovery motion on January 25, 2023.

---

[5] (*See* Ex. A to Mot., Privilege Log, Doc. No. 64-1; Resp. 2, Doc. No. 68.)

[6] (*See id.* at 3.)

[7] (*See* Am. Scheduling Order, Doc. No. 37.) The scheduling order was later amended to extend other deadlines, (*see* Doc. No. 51), but the June 6, 2022 fact discovery deadline was not extended.

[8] (*See* Mot. 2, Doc. No. 64.)

[9] (*See* Ex. B to Mot., Letter from J. Stewart to S. Mercer and S. Bridge (Nov. 23, 2022), Doc. No. 64-2.)

[10] (*See* Reply 2–3, Doc. No. 70.)

Meanwhile, on December 14, 2022, the court appointed a receiver to manage a disputed entity co-owned by Mr. Wardley and Mr. McLachlan.[11] The parties also filed cross-motions for partial summary judgment on January 13, 2023,[12] the deadline for filing dispositive motions.[13]

## ANALYSIS

Defendants first argue Mr. Wardley's motion is untimely. As explained below, this argument is well-founded. This motion is denied on the basis that Mr. Wardley failed to promptly raise this discovery dispute. Accordingly, the merits of the motion are not addressed.

Rule 37 of the Federal Rules of Civil Procedure requires a motion to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[14] Likewise, Rule 37-1 of the District of Utah's Local Rules of Civil Practice requires the parties to "make reasonable efforts to resolve a discovery dispute . . . before seeking court assistance."[15] "At minimum, those efforts must include a *prompt written communication* sent to the opposing party: (A) identifying the discovery disclosure or request(s) at issue, the response(s), and specifying why those responses or objections are inadequate, and[] (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times."[16] Any discovery motion must be filed "no later than 45 days after the prompt

---

[11] (*See* Order Appointing Receiver, Doc. No. 56.)

[12] (*See* Doc. Nos. 59, 62).

[13] (*See* Second Am. Scheduling Order, Doc. No. 51.)

[14] Fed. R. Civ. P. 37(a)(1).

[15] DUCivR 37-1(a)(1).

[16] DUCivR 37-1(a)(2) (emphasis added).

written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause."[17] "Failure to meet these deadlines may result in automatic denial of the motion."[18]

Mr. Wardley failed to raise this dispute in a prompt written communication as required under Rule 37-1. Mr. Wardley's first written communication disputing the adequacy of Defendants' privilege log and their claim of privilege for accountant communications was the November 23, 2022 letter. This was more than ten months after the privilege log was provided, and more than five months after the close of fact discovery. In his letter and subsequent motion, Mr. Wardley contends the privilege log is deficient because it fails to identify the privilege claimed and lacks adequate descriptions of the documents withheld.[19] While this is true, these deficiencies are apparent from the face of the privilege log. Mr. Wardley offers no adequate explanation for waiting ten months—until well after the close of fact discovery—to raise this issue. Where the basis for the dispute was apparent at the time the log was provided, a ten-month delay in raising the dispute cannot be considered "prompt" under Rule 37-1.[20]

Mr. Wardley argues the delay was justified because he learned new information in the accountants' November 17, 2022 depositions which undermined Defendants' claim of privilege. Specifically, he asserts he learned the accountants are not attorneys, they did not render legal

---

[17] DUCivR 37-1(b)(2)(C).

[18] *Id.*

[19] (Mot. 2, Doc. No. 64; Ex. B to Mot., Nov. 23 Letter, Doc. No. 64-2.)

[20] *See* DUCivR 37-1(a)(2); *see also Ellis v. Salt Lake City Corp.*, No. 2:17-cv-00245-JNP-JCB, 2022 U.S. Dist. LEXIS 176772, at *5–7 (D. Utah Sept. 27, 2022) (unpublished) (finding a 140-day delay in raising concerns about a privilege log was not "prompt" under Rule 37-1).

advice, and they were not advising Defendants' counsel.[21] But there is no indication Defendants ever made representations to the contrary. To the extent Mr. Wardley needed more information regarding the accountants' roles to assess Defendants' privilege claim, he could (and should) have raised this issue upon receiving the privilege log in January 2022.

Mr. Wardley also claims the accountants testified about the purportedly privileged communications without objection, thereby waiving any privilege claim.[22] But Mr. Wardley did not cite particular testimony or provide deposition transcripts to support this claim. And at the hearing, Defendants disputed Mr. Wardley's characterization of the accountants' testimony. Where the nature of the testimony is disputed and no transcripts were provided, it is not possible to assess whether any waiver occurred which would justify the delay in raising this dispute. In other words, Mr. Wardley failed to provide the necessary support for his waiver argument.[23]

Finally, Mr. Wardley argues the documents withheld are relevant to issues to be decided by the receiver, who was appointed in December 2022.[24] However, this appointment occurred *after* Mr. Wardley first raised the dispute in his November 2022 letter. It does not explain the ten-month delay in raising the issues identified in that letter. And Mr. Wardley does not identify

---

[21] (Reply 2, Doc. No. 70.)

[22] (Mot. 2–3, Doc. No. 64; Reply 2, Doc. No. 70.)

[23] At the hearing, Mr. Wardley suggested this failure was due to the constraints of Rule 37-1, which limits discovery motions to 500 words and does not contemplate replies. *See* DUCivR 37-1(b)(1). But Mr. Wardley was permitted to file a reply addressing timeliness, and Rule 37-1 does not restrict the filing of supporting exhibits. (Indeed, Mr. Wardley filed numerous pages of exhibits in support of his motion.) If Mr. Wardley believed additional briefing was necessary, he could have requested overlength briefing as permitted under Rule 37-1. *See* DUCivR 37-1(b)(6).

[24] (Mot. 3, Doc. No. 64.)

any new issues arising from the receiver's appointment which would justify the delay in raising this dispute. Therefore, the receiver's appointment does not excuse the delay.[25]

Courts have discretion in deciding whether a discovery motion is "too tardy to be considered,"[26] and Mr. Wardley's lengthy delay in raising this discovery dispute warrants denial of the motion. Mr. Wardley waited more than ten months to raise the dispute, until well after the close of fact discovery, and he offers no adequate explanation for this delay. To entertain the motion at this stage would render the "prompt written communication" requirement in Rule 37-1 wholly meaningless. Because Mr. Wardley failed to comply with this requirement, his motion is denied.

Defendants argue Mr. Wardley's motion is also untimely because it was filed more than forty-five days after the November 23, 2022 letter which first raised the dispute.[27] However, the parties contest who was responsible for the delays during this period.[28] Further, it is apparent the parties continued to confer about the issue until shortly before the motion was filed. Regardless, where Mr. Wardley's failure to raise this discovery dispute in a prompt written communication warrants denial of the motion, it is unnecessary to address whether the motion is untimely for other reasons.

---

[25] Mr. Wardley also suggests the receiver is interested in reviewing the withheld documents. (Reply 2, Doc. No. 70.) But the question of whether the receiver is entitled to obtain the documents is not before the court. The receiver has not filed a motion to compel nor submitted briefing in support of Mr. Wardley's motion.

[26] *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012).

[27] (Resp. 2, Doc. No. 68); *see also* DUCivR 37-1(b)(2)(C).

[28] Mr. Wardley argues the delay was partly attributable to Defendants' counsel's illness and his insistence on a second conferral call. (*See* Reply 2–3, Doc. No. 70.) Defendants disputed this at the hearing.

## CONCLUSION

Because Mr. Wardley failed to promptly raise this discovery dispute as required under the District of Utah's local rules, his motion[29] is denied.

DATED this 16th day of February, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[29] (Doc. No. 64.)