_____

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNN WARDLEY,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT MCLACHLAN and GARY KEARL,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21CV128-DAK-DAO<br><br>District Court Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

This matter is before the court on Plaintiff Lynn Wardley's Motion for Partial Summary Judgment, Defendants Scott McLachlan and Gary Kearl's Motion for Partial Summary Judgment, Plaintiff's Motion to Exclude Expert Testimony of Corey Cook, and Defendants' Motion in Limine to Exclude Christopher T. Hansen. The court held oral argument on the motions on June 22, 2023. At the hearing, Matthew L. Lalli and Jeremy J. Stewart represented Plaintiff, and Scott O. Mercer and Scott S. Bridge represented Defendant. At the conclusion of the hearing, the court took the motions under advisement. The court has carefully considered the memoranda filed by the parties, the arguments made by counsel at the hearing, and the law and facts pertaining to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

**WARDLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Wardley and McLachlan are two former business associates who have been involved in multiple lawsuits against each other in the last two decades. In 2006, the parties resolved

most issues pertaining to their business dealings, which culminated in multiple executed agreements, including an executed settlement agreement and release of claims. In his Fourth Cause of Action for declaratory relief, McLachlan seeks an award of $3.45 million as compensation for various pieces of real property he allegedly contributed (well before 2006) to Lake Mountain Mutual Water Company ("LMM"), an entity owned jointly by Wardley and McLachlan. Wardley argues that this claim fails as a matter of law because (1) McLachlan released all claims relating to LMM in the 2006 Release Agreement; (2) there is no evidence that McLachlan contributed any of the "Properties" to LMM, let alone properties that LMM later sold to the City; and (3) the statute of limitations bars McLachlan's Counterclaim asserted some 18 years after he first asserted that he was entitled to payment for assets he purportedly contributed to LMM.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

The court hereby adopts Wardley's statement of undisputed material facts set forth in his motion.[1] In responding to the Statement of Undisputed Material Facts, Defendants did not comply with the local rules, and they did not actually dispute any of the material facts.[2] Instead, they responded to each fact, whether it was disputed or not. In many of the facts, they claim to "clarify" Plaintiff's fact, and they often "incorporate" their responses to other facts.

The Local Rules of Practice for the District of Utah provide that "[a] party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial and a citation to the evidence used to refute the fact. The responding party should not restate undisputed facts."

---

[1] ECF No. 59 at pp. 3-8.
[2] *See* DUCivR 56-1(c)(3).

DUCivR 56-1(c)(3). McLachlan violated this rule by "responding" to every single statement of fact. (ECF No. 66 at 2-13.); *see Oliver v. Nielsen*, No. 1:16-CV-155, 2019 WL 1358854, 2019 U.S. Dist. LEXIS 51653, **2-3 (D. Utah Mar. 26, 2019) (holding it is improper to respond to all facts instead of "only addressing those facts he genuinely disputes" and determining there was no dispute of material fact). Often, in attempting to support his contention that a particular fact is disputed, McLachlan merely responded that the documents or deposition testimony "speaks for itself." (*See, e.g.* ECF No. 66 at 11-13.) This is not proper and does not create a factual dispute. *See*, *e.g.*, *Utah Republican Party v. Cox*, 178 F. Supp. 3d 1150, 1159 n.34 (D. Utah 2016) (responding that a document "speaks for itself" does not create a genuine dispute of fact).

Next, DUCivR 56-1(c)(3) requires a "statement explaining why the fact is disputed" and "a citation to the evidence used to refute the fact." *See also Yeager v. Fort Knox Sec. Prods*., No. 2:11-CV-91, 2015 WL 5430546, 2015 U.S. Dist. LEXIS 123011, **9-10 (D. Utah Sept. 14, 2015) ("The specific facts put forth by the nonmovant must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein.") (quotations omitted). McLachlan makes several statements of fact without evidentiary support. (*See, e.g.*, ECF No. 66 at 7-9.) This does not comply with the Local Rule. McLachlan also frequently responds by incorporating his response to other statements of fact, which violates the requirement to offer a specific statement explaining why that different fact is disputed. (*See, e.g., id*. at 10-11.) These responses are insufficient to create a genuine dispute of material fact.

McLachlan also makes several immaterial statements that do not dispute Wardley's facts. *See*, *e.g.*, *Blossom v. Yarbrough*, 429 F.3d 963 (10th Cir. 2005) (offering additional facts does not in itself create a dispute of material fact); *United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir.

1997) (stating irrelevant factual disputes will not defeat summary judgment). For example, Wardley identified the vesting deeds for the seven Properties at issue (because McLachlan alleges that he "contributed" those Properties "to LMM"), to which McLachlan responded on multiple occasions "[r]egardless of this property's disjointed title, there is no dispute that LMM received 100% of the compensation for its sale to the City." (ECF No. 66 at 9.) This is not a dispute of fact and is unsupported by evidence.

In addition, McLachlan objects to Exhibit G pursuant to Rule 408. See ECF No. 66 at 12. He has not, however, met his burden to demonstrate that it is inadmissible for the purposes for which Wardley relies on it, and the court therefore overrules the objection. Thus, the court considers each fact in the Motion to be undisputed. Nevertheless, the court has attempted to cull through Defendants' many assertions, but the court has been unable to readily identify a material disputed fact that is supported by evidence.

## DISCUSSION

For all the reasons set forth in Wardley's motion and reply memorandum, McLachlan's Fourth Cause of Action is dismissed for three independent reasons. First, McLachlan released all claims relating to LMM in the 2006 Release Agreement. Second, even if McLachlan did not release this counterclaim, McLachlan has not provided evidence that there was an agreement or that he contributed anything to LMM. Finally, his claim—even if recharacterized as an equitable capital contribution claim—is barred by Utah's four-year statute of limitations. The cause of action accrued as soon as McLachlan demanded payment for the Properties (which occurred no later than August 9, 2005).

Thus, the court grants partial summary judgment to Wardley, dismissing

Defendants' Fourth Cause of Action for Declaratory Judgment (in their Counterclaim) regarding his loan or capital contribution to LMM.  Furthermore, the court grants Wardley reasonable attorney fees that were incurred in defending against this counterclaim.[3] Because of this ruling, Plaintiff's Motion to Exclude Expert Testimony of Corey Cook is moot, as is Defendants' Motion in Limine to Exclude Christopher T. Hansen

### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

In his Complaint, Wardley's alleges that Defendants breached their fiduciary duty by taking fabricated and pretextual tax positions respecting Lake Mountain Mutual Water Company ("LMM"). In the instant motion, Defendants argue that Wardley's allegations fail as a matter of law because no reasonable jury could conclude that Defendants advanced improper tax positions. They maintain that this is especially true where Wardley did not designate an expert to opine about the validity and reasonableness of Defendants' tax positions. Therefore, Defendants ask this court to grant summary judgment dismissing all of Wardley's claims against Defendants related to the "tax position" allegations.

Wardley, on the other hand, argues that through their Motion, Defendants have demonstrated a fundamental misunderstanding of Wardley's claims in this lawsuit. Wardley claims that he is not arguing that McLachlan breached his fiduciary duty to LMM and Wardley because he was incorrect in proclaiming LMM owed taxes.[4] Instead, Wardley argues that McLachlan's argument that LMM owes taxes is pretextual and a breach of

---

[3] The court, however, will not address motions for attorney's fees until judgment has been entered in this case.

[4] Wardley maintains that "whether McLachlan was correct or incorrect would be just a guess, or at best a judgment, that will not be determined in this lawsuit or anywhere else unless the IRS were to tax LMM and LMM were to appeal to the Federal Tax Court."

fiduciary duty because, as summarized in paragraph 96 of the Complaint, "Defendants, conspiring together, created their LMM tax strategy and arguments solely to withhold funds from Wardley to gain leverage over Wardley in the Wells Case and to force Wardley into an artificially lopsided and unfair settlement." (ECF No. 2 at ¶ 96.)

Thus, Wardley argues, a key issue raised in his Complaint is whether McLachlan was just using his tax argument as a pretext, as Wardley alleges, or whether McLachlan really believed LMM was required to pay taxes and really intended for LMM to pay taxes. There is abundant evidence, he claims, independent of the legal correctness question, proving McLachlan's tax argument was a pretext and an act of self-dealing in breach of his fiduciary duties.

There are many material disputed facts related to this motion, so it is denied. But this is not a necessarily a victory for Plaintiff. It is unclear to the court how Wardley could prevail on any claim pertaining to Defendants' alleged "improper tax positions" without knowing whether LMM owes taxes or not. Wardley's very nuanced argument would almost certainly be lost on a jury, and, as a result, the court would likely not permit such evidence to be admitted without knowing whether taxes are owed.

This situation leaves the court and the parties in a difficult position. The court has already ruled that it does not have jurisdiction to decide tax liability issues.[5] And it is very likely that the court would not allow the "improper tax position" claims to be tried to a jury until the tax issue is resolved. Therefore, the court invites the parties' suggestions regarding this stalemate. One option is to stay this litigation while the court-appointed receiver makes

---

[5] *See* ECF No. 31.

a final determination on the tax issue. Mr. Mercer represented at oral argument that the receiver is investigating this tax issue, and indeed, this court, in its Order Appointing Receiver, stated that "[t]he receiver has authority to, among other things, develop and determine LMM's tax positions and evaluate and determine LMM's best interests before interacting with the IRS."[6] Or perhaps the parties will suggest other options for moving forward in this litigation.

The court also invites the parties' positions on whether the money that Defendants have withheld to pay LMM's alleged tax liability should be deposited into the court registry until such time that the court orders the money to be dispersed.

## CONCLUSION & ORDER

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's Motion for Partial Summary Judgment [ECF No. 59] is GRANTED, and Defendants' Fourth Cause of Action for Declaratory Judgment in their Counterclaim is DISMISSED;

2. Defendants' Motion for Partial Summary Judgment [ECF No. 62] is DENIED;

3. Plaintiff's Motion to Exclude Expert Testimony of Corey Cook [ECF No. 60] is DENIED AS MOOT;

4. Defendants' Motion in Limine to Exclude Christopher T. Hansen [ECF No. 61] is DENIED AS MOOT, and

5. by no later than August 31, 2023, the parties are directed to file a Status Update in which they address:

---

[6] ECF No. 56

      a.      suggestions regarding how to resolve whether LMM owes taxes;

      b.      whether the case should be stayed pending resolution of the tax issue;

      c.      whether the money that Defendants have withheld to pay LMM's alleged tax liability should be deposited into the court registry;

      c.      which claims and counterclaims remain in the case;

      e.      when the parties anticipate being ready for trial (after reaching a resolution on the tax issue) and how many days they believe a jury trial will take.

DATED this 14th day of August, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge