IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNN WARDLEY,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT MCLACHLAN and GARY KEARL,<br><br>Defendants. | ORDER ADOPTING RECEIVER'S FINDINGS REGARDING LMM'S OWNERSHIP OF WATER ASSETS<br><br>Case No. 2:21CV0128-DAK-DAO<br><br>**District Court Judge Dale A. Kimball**<br>**Magistrate Judge Daphne A. Oberg** |

On May 10, 2024, the Receiver, John H. Curtis, filed his Report and Recommendations.[1] The Receiver had been appointed by the court on December 14, 2022, with "authority to, among other things, develop and determine Lake Mountain Mutual Water Company's ("LMM") tax positions and evaluate and determine LMM's best interests before interacting with the IRS; make decisions and take actions regarding any water rights; prepare an accounting of all company assets and liabilities; and manage and look out for LMM's remaining business and interests until LMM is fully dissolved, wound up, and liquidated."[2]

In summary, the Receiver determined that disputed ownership issues precluded a final determination on LMM's tax positions and potential tax liability, and he provided his opinions and recommendations about LMM's water asset ownership as of February 2, 2005, when the parties entered into the 2005 Water Agreement with the City of Saratoga Springs. The Receiver's

---

[1] Report and Recommendations, ECF No. 102-1.

[2] Order Appointing Receiver, ECF No. 56; *see also* Amended Order Appointing Receiver, ECF No. 82.

1

recommendations were based on his findings after considering the position papers and supporting documentation of Plaintiff Lynn Wardley and Defendants Scott McLachlan and Gary Kearl and after conducting a thorough investigation using a team of retained professionals.

The court has carefully considered the Receiver's detailed report and the resulting recommendations, and the court adopts the Receiver's well-supported findings that "approximately 44 percent of the Water Assets may have been owned by LMM as of the 2005 Water Agreement, and accordingly, approximately $9.3 million of the $21 million in total sales proceeds received for the Water Assets should be allocated to LMM, or $5.3 million of the $12 million in total asset value as of the date of the 2005 Water Agreement."[3] The court also adopts the Receiver's findings regarding the ownership of each individual water asset.[4]

The Receiver may now proceed in accordance with his duties as set forth in the Amended Order Appointing Receiver and as discussed at the status conference held on October 21, 2025. Because resolution of the tax issues with the Internal Revenue Service could take quite a bit of time, the court will administratively close this case. This administrative closure does not preclude the Receiver from filing motions, and any party may file a motion to reopen the case after LMM's tax issues have been resolved.

As the parties attempt to bring this protracted litigation to a close, the court encourages Mr. Wardley to temper his expectations regarding his claim for breach of fiduciary duty, which he apparently intends to pursue after the tax issues are resolved. While the parties may eventually file whatever they believe is necessary to preserve the record, it is highly likely that the court

---

[3] Report and Recommendations ECF No. 102-1 at 37; *see also* Schedule A.01 at ECF No. 102-1 at 40-44.

[4] Report and Recommendations ECF No. 102-1 at 11-36.

would dismiss Mr. Wardley's fiduciary duty claim, as the court has stated in previous orders,[5] given the evidence that has come to light as the case has progressed.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Receiver's findings regarding LMM's ownership of Water Assets at the time of the 2005 Water Agreement are ADOPTED in their entirety. The Clerk of Court is directed to administratively close this case, but the Receiver may still file any motions related to the Receivership, and either party may file a motion to reopen the case after LMM's tax issues have been resolved.

DATED this 30th day of October 2025.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge

---

[5] *See* Memorandum Decision and Order, ECF No. 91 at 6; Order Regarding the Parties' Responses to the Receiver's Report and Recommendation and Considerations for Moving Forward, ECF No. 128 at 15-16.